| | |
|---|---|
| CAROLYNN WOOD, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| v. ) | PLAINTIFF'S RESPONSE TO |
| ) | DEFENDANTS' MOTION TO |
| ) | DISMISS |
| ) | |
| FKH SFR C1, L.P., f/k/a CERBERUS SFR ) | |
| HOLDINGS II, L.P.; FIRSTKEY ) | |
| HOMES, LLC; FIRSTKEY HOMES ) | |
| OF NORTH CAROLINA, LLC; ) | |
| MICHELLE HARNE; SCOTT ) | |
| SANDMAN; AND CHRIS ) | |
| WOODHOUSE, ) | |
| ) | |
| *Defendants.* ) | |

## I. INTRODUCTION

The Plaintiff, Carolynn Wood ("Mrs. Wood") submits this Brief in Opposition to the Motion to Dismiss (Docket Entry 19) filed by the defendants, Defendants FKH SFR C1, L.P., formerly known as Cerberus SFR Holdings II, L.P.; FirstKey Homes, LLC; FirstKey Homes of North Carolina, LLC; Michelle Harne; Scott Sandman; and Chris Woodhouse (collectively hereafter "Defendants").

## II. STATEMENT OF FACTS

Both Mrs. Wood and her husband, Tommy Wood, are veterans of the United States military and have disabilities that limit their mobility. Docket Entry 24, Amended Complaint ("Am. Compl."), ¶¶ 6-7, 28-34. On or around February 17, 2021, Mrs. Wood and Mr. Wood entered into a lease agreement with Defendant FirstKey Homes of North Carolina, LLC for a residential property at 160 Rhyne Court, Clemmons, North Carolina (hereafter "the Subject Property"). Am. Compl ¶¶ 4, 9. Defendant FirstKey Homes of North Carolina and/or Defendant FirstKey Homes, LLC served as agent and property manager for the owner of the Subject Property, Defendant FKH SFR C1, L.P., formerly known as Cerberus SFR Holdings, II, L.P. Am. Compl. ¶¶ 9, 35. Defendants Harne, Sandman, and Woodhouse were agents and employees of Defendant FirstKey Homes of North Carolina and/or Defendant FirstKey Homes, LLC who managed the property and communicated directly with the Mrs. Wood regarding her requested reasonable accommodation. Am. Compl. ¶¶ 13-16, 36.

The Subject Property was split between a lower level and an upper level. Am. Compl. ¶¶ 37, 38. The upper level contained the kitchen, all three bedrooms, and the only bathrooms with a tub or shower. Am. Compl. ¶ 38. The upper level could only be accessed via interior or exterior stairs. *Id.* Upon moving into the

2

Case 1:23-cv-01114-CCE-JLW   Document 25   Filed 03/12/24   Page 2 of 17

Subject Property, the Woods were able to use the stairs and access both levels of the property. *Id.* However, beginning in September 2021, Mr. Wood and Mrs. Wood began to experience deterioration in their mobility such that they could not safely navigate the stairs and access the upper floor of their home. Am. Compl. ¶¶ 39-41.

Because the Woods' disabilities prevented them from safely accessing the upper level of the property, Mrs. Wood contacted Defendants on December 13, 2021 with a reasonable accommodation request to terminate the lease early. Am. Compl. ¶ 44. She initially did not receive a response and resubmitted the request on December 23, 2021 and December 27, 2021. Am. Compl. ¶¶ 44, 51. Defendant Harne, serving as an employee or agent the corporate Defendants, replied to the request in a December 27, 2021 email to Mrs. Wood, stating that "you would pay rent through your 60-day written notice to vacate plus a lease break fee of $31900.00. It is extremely expensive to break a lease." Am. Compl. ¶ 52. Mrs. Wood emailed Defendant Harne back on December 28, 2023, asking for a response to her reasonable accommodation request and renewing her request in greater detail. Am. Compl. ¶ 53. On January 10, 2022, Defendant Harne emailed Mrs. Wood to deny the request. Am. Compl. ¶ 54. On January 18, 2022, Mrs. Wood requested Defendants reconsider and informed them that she had fallen on

the stairs on January 14, 2022. Am. Compl. ¶ 56. Defendants, through Michelle Harne, again denied the request on January 19, 2022. Am. Compl. ¶ 57. Mrs. Wood renewed her request once more on January 26, 2022, and Defendants once more denied it on January 27, 2022. Am. Compl. ¶ 58. Defendants continued to repeat the denials through March 2022. Am. Compl. ¶ 66.

On at least four occasions between January 19, 2022 and February 9, 2022,, 2022, Defendant Sandman, serving as an agent or employee of the corporate defendants, contacted Mrs. Wood regarding her alleged account balance; Mrs. Wood responded by renewing her request for a reasonable accommodation to allow her to vacate the property without penalty. Am. Compl. ¶ 61. Nonetheless, Defendant Sandman continued to contact Mrs. Wood seeking to collect the balance despite her reasonable accommodation request. Am. Compl. ¶ 61-62.

Mrs. Wood vacated the Subject Property on or about February 9, 2022. Am. Compl. ¶ 63. On or about March 8, 2022, Defendant Woodhouse, serving as an agent or employee of the corporate defendants, sought to collect an "early termination fee" from Mrs. Wood via email. Am. Compl. ¶ 64. Mrs. Wood renewed her reasonable accommodation request to Defendant Woodhouse, who denied it in a March 18, 2022 email. Am. Compl. ¶ 65-66. Defendants continued to attempt to collect this fee from Mrs. Wood. Am. Compl. ¶ 67-69.

4

Mrs. Wood commenced this action and alleged violations of the following statutes: the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"); the State Fair Housing Act, N.C. Gen. Stat § 41A-1 *et seq.* ("NCFHA"); the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 ("UDTPA"); and North Carolina's unfair debt collection statute, N.C. Gen. Stat. § 75-50 *et seq.* Am. Compl. ¶¶ 87-106.

### III.  APPLICABLE LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court construes the complaint in the light most favorable to the plaintiff. *See, e.g., United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context- specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In this context, the Court will "accept as true all of the factual allegations contained in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir.

5

2014).

## IV. ARGUMENT

### A. Defendants' Motion to Dismiss should be denied as moot.

Defendants' motion to dismiss should be denied as moot because Mrs. Wood has filed an Amended Complaint. *See* Docket Entry 24. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect. Thus, the filing of an amended complaint normally moots a pending motion to dismiss." *Flanagan v. Syngeta Crop Prot., LLC*, No. 1:17-cv-202, 2017 U.S. Dist. LEXIS 122335 at *4–5 (M.D.N.C. Aug. 3, 2017) (quotation marks and citations omitted). However, courts have at times declined to hold a pending motion to dismiss as moot where the changes were slight. *See, e.g., id.* at 5 (considering the motion to dismiss as addressed to the amended complaint where "the Amended Complaint differs from the original in only minor respects"). Here, the Amended Complaint differs substantially from the original as it asserts new claims and provides additional facts in support of Mrs. Wood's claim for unfair and deceptive trade practices.

### B. Mrs. Wood sufficiently pleads a claim for unfair and deceptive trade practices.

Defendants seek to dismiss only Mrs. Woods' unfair and deceptive trade

6

practice claims; this motion to dismiss should be denied because Mrs. Wood has sufficiently pled a claim for unfair and deceptive trade practices. Under the UDTPA, "unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a). "Establishing a prima facie claim for unfair and deceptive trade practices requires a plaintiff to show: '(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff.'" *Value Health Sols., Inc. v. Pharm. Rsch. Assocs.*, 385 N.C. 250, 277, 891 S.E.2d 100, 120 (N.C. 2023) (quoting *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (N.C. 2001)). Additionally, "violations of certain regulatory statutes are per se violations of [the UDTPA]." *Noble v. Hooters of Greenville, LLC*, 199 N.C. App. 163, 170, 681 S.E.2d. 448, 454 (N.C. Ct. App. 2009).

  *1. Mrs. Wood alleges facts that establish each of the UDTPA elements.*

Here, the facts alleged by Mrs. Wood establish each of the UDTPA elements. Two of these elements can be quickly addressed. First, Defendants carried out acts while managing the rental of housing, which constitute acts that were in or affecting commerce. *See, e.g.*, *Stolfo v. Kernodle*, 118 N.C. App. 580, 583, 455 S.E.2d 869 (N.C. Ct. App 1995) (landlord's renting out of house was "in or affecting commerce" so as to be covered by G.S. 75-1.1). Second, Defendants' conduct proximately

7

caused injury to Mrs. Wood. Defendants' actions, including denying Mrs. Wood's reasonable accommodation and attempts to collect alleged debts, caused Mrs. Wood considerable emotional distress, among other injuries. *See* Am. Compl. ¶ 84.

Finally, Defendants' repeated acts constituted unfair acts or practices. "[A] practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Gray v. North Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (N.C. 2000). "[W]here a party engages in conduct manifesting an inequitable assertion of power or position, such conduct constitutes an unfair act or practice." *Id.* "The determination of whether an act or practice is unfair or deceptive within the meaning of N.C. Gen. Stat. § 75-1.1 is a question of law for the court." *Id.*

Violations of a tenant's fair housing rights, including denial of reasonable accommodation requests, offend North Carolina's public policy. *See generally*, NCFHA, N.C. Gen. Stat. § 41A-1, *et seq*. As such, Defendants' actions in discrimination in the rental of housing, discrimination in the terms and conditions of housing, refusal of Mrs. Wood's reasonable accommodation request, and retaliation against Mrs. Wood after asserting her rights under the FHA and NCFHA, each constitute an unfair act. Multiple recent decisions by federal district courts in North

Carolina have affirmed that housing discrimination may constitute an unfair trade practice. *See, e.g.*, *Washington v. Wells Fargo Bank, N.A.*, No. 1:22-cv-764, 2023 U.S. Dist. LEXIS 12373 at *8–9 (M.D.N.C. Jan. 25, 2023) (dismissing plaintiff's unfair and deceptive trade practice claim based upon fraud, but declining to dismiss those claims that were based in claims of racial discrimination in violation of federal law, including the federal FHA); *Harris v. Vanderburg*, 584 F. Supp. 3d 82, 103 (E.D.N.C. 2022) (denying summary judgment on unfair and deceptive trade practice claims which were "contingent" upon related federal FHA claims); *Ellis-Barr v. CP/DB Hous. Partners XIII, L.P.*, No. 3:19-cv-464-MOC-DSC, 2020 LEXIS 151926, at *10 (W.D.N.C. Aug. 21, 2020) (holding that plaintiff had sufficiently plead an unfair and deceptive trade practice claim in case where plaintiff alleged sexual harassment, retaliation, and other interference with fair housing rights in violation of the federal FHA); *Johnson v. York Simpson Underwood, L.L.C.*, No. 1:03CV01141, 2005 U.S. Dist. LEXIS 46213, at *31 (M.D.N.C. June 9, 2005) (denying summary judgment on unfair and deceptive trade practice where court had found a prima facie case for racial discrimination in violation of 42 U.S.C. §§ 1981 and 1982).

In addition to alleging facts that Defendants violated public policy, Mrs. Wood has alleged sufficient facts to establish that Defendants' conduct was an

9

Case 1:23-cv-01114-CCE-JLW    Document 25    Filed 03/12/24    Page 9 of 17

inequitable assertion of power and otherwise immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Mrs. Wood communicated several times with Defendants that she and her husband had disabilities that required them to terminate their lease early and move out. (Am. Compl. ¶¶ 44, 51, 53, 56, 58, 61, 65). Nonetheless, Defendants unlawfully and repeatedly refused to grant this reasonable accommodation and insisted on a lease termination fee, despite the lease granting the tenant the right to terminate without penalty in such circumstances. Am. Compl. ¶¶ 43, 52, 54, 57, 58, 59, 61, 62, 66, 67, 68, 69; *see Samuelson v. Mid-Atlantic Realty Co.,* 947 F. Supp. 756, 761 (D. Del. 1996) (holding that a tenant stated a claim for a denial of a reasonable accommodation where tenant terminated the lease early due to a disability and the landlord declined to waive subsequent rent or fees); *Hughes v. Bransfield*, 84 Va. Cir. 214 (Cir. Ct. 2012) (adopting the reasoning of *Samuelson*). Defendants then continued to attempt to collect the lease termination fee even after Mrs. Wood had fallen on the stairs. Am. Compl. ¶¶ 56-59. Wrongful denial of a reasonable accommodation request is discrimination, *see* 42 U.S.C. § 3604(f)(3) (defining a denial of a reasonable accommodation as "discrimination") and N.C.G.S. § 41A-4(f)(2) (defining denial of a reasonable accommodation as an "unlawful discriminatory housing practice"), and discrimination is most certainly immoral, unethical,

10

oppressive, unscrupulous, or substantially injurious to consumers, and therefore unfair per the UDTPA.

Defendants contend that Mrs. Wood complains of acts that constitute nothing more than a breach of contract and therefore cannot constitute a violation of the UDTPA. Docket Entry 20 at 9. "Mere breach of contract is not sufficient to sustain an action for [unfair and deceptive trade practices], but if the breach is surrounded by substantial aggravating circumstances, it may sustain an action for [unfair and deceptive trade practices]." *Griffith v. Glen Wood Co.*, 184 N.C. App. 206, 217, 646 S.E.2d 550, 559 (N.C. Ct. App. 2007). However, Defendants' reliance on caselaw regarding claims for breach of contract and unfair and deceptive practices is inapposite; the basis for Mrs. Wood's claims under the UDTPA is not for breach of contract, but rather that Defendants' discriminated and retaliated against her in violation of the FHA and NCFHA.

> 2. *Violations of the FHA and NCFHA are per se violations of the UDTPA.*

Mrs. Wood also has sufficiently alleged a claim of unfair and deceptive trade practices because her alleged violations of the FHA and NCFHA are *per se* violations of the UDTPA. North Carolina courts have held that violations of other statutes are *per se* violations of the UDTPA where the statute "*specifically* defines

11

and proscribes conduct that is unfair or deceptive within the meaning of the UDTPA." *Noble*, 199 N.C. App. at 170, 681 S.E.2d. at 454. The FHA and NCFHA proscribe discriminatory conduct as well as retaliation, *see* 42 U.S.C. §§ 3604(f) and 3617 and N.C. Gen. Stat. § 41A-4(e) and (f)(2), both examples of conduct that are unfair within the meaning of the UDTPA.

## V. CONCLUSION

For the foregoing reasons, Mrs. Wood respectfully requests that the Court deny the motion to dismiss.

Dated: March 12, 2024.

Respectfully submitted,

LEGAL AID OF NORTH CAROLINA, INC.
FAIR HOUSING PROJECT

*/s/ Peter H. Gilbert*
Peter H. Gilbert
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 226-5919
Fax: (919) 682-8157
peterg@legalaidnc.org
N.C. State Bar. No. 40415

*/s/ Kelly Anne Clarke*
Kelly Anne Clarke
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 865-3825

12

Fax: (919) 861-1887
kellyc@legalaidnc.org
N.C. State Bar. No. 28188

*/s/ Michael Manset*
Michael Manset
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 277-9021
Fax: (919) 861-1887
michaelm2@legalaidnc.org
N.C. State Bar. No. 55167

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certify that on this date the foregoing Plaintiff's Response to Defendants' Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John M. Moye
Barnes & Thornburg LLP
Email: jmoye@btlaw.com

*Counsel for Defendants Counsel for Defendants FKH SFR C1, L.P., f/k/a Cerberus SFR Holdings II, L.P.; FirstKey Homes, LLC; FirstKey Homes of North Carolina, LLC; Michelle Harne; Scott Sandman; and Chris Woodhouse*

Michael P. Palmer
Barnes & Thornburg LLP
Email: michael.palmer@btlaw.com

*Counsel for Defendants FKH SFR C1, L.P., f/k/a Cerberus SFR Holdings II, L.P.; FirstKey Homes, LLC; FirstKey Homes of North Carolina, LLC; Michelle Harne; Scott Sandman; and Chris Woodhouse*

Dated: March 12, 2024.

Respectfully submitted,

LEGAL AID OF NORTH CAROLINA, INC.
FAIR HOUSING PROJECT

*/s/ Peter H. Gilbert*
Peter H. Gilbert
2101 Angier Avenue., Ste 300
Durham, N.C. 27703

14

Case 1:23-cv-01114-CCE-JLW    Document 25    Filed 03/12/24    Page 14 of 17

Telephone: (919) 226-5919
Fax: (919) 682-8157
peterg@legalaidnc.org
N.C. State Bar. No. 40415

*/s/ Kelly Anne Clarke*
Kelly Anne Clarke
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 865-3825
Fax: (919) 861-1887
kellyc@legalaidnc.org
N.C. State Bar. No. 28188

*/s/ Michael Manset*
Michael Manset
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 277-9021
Fax: (919) 861-1887
michaelm2@legalaidnc.org
N.C. State Bar. No. 55167

*Attorneys for Plaintiff*

# CERTIFICATE OF WORD COUNT

The undersigned hereby certify that on this date the foregoing Plaintiff's Response to Defendants' Motion to Dismiss complies with Rule 7.3 of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina. Per Rule 7.3, the word count is 2474.

Dated: March 12, 2024.

Respectfully submitted,

LEGAL AID OF NORTH CAROLINA, INC.
FAIR HOUSING PROJECT

*/s/ Peter H. Gilbert*
Peter H. Gilbert
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 226-5919
Fax: (919) 682-8157
peterg@legalaidnc.org
N.C. State Bar. No. 40415

*/s/ Kelly Anne Clarke*
Kelly Anne Clarke
2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 865-3825
Fax: (919) 861-1887
kellyc@legalaidnc.org
N.C. State Bar. No. 28188

*/s/ Michael Manset*
Michael Manset

2101 Angier Avenue., Ste 300
Durham, N.C. 27703
Telephone: (919) 277-9021
Fax: (919) 861-1887
michaelm2@legalaidnc.org
N.C. State Bar. No. 55167

*Attorneys for Plaintiff*