# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NO. 1:23-CV-1114

| | | |
|---|---|---|
| CAROLYNN WOOD, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **JOINT STATUS REPORT OF THE** |
| | ) | |
| | ) | **PARTIES' PLANNING MEETING** |
| | ) | |
| FKH SFR C1, L.P., f/k/a CERBERUS SFR | ) | Fed. R. Civ. P. 26(f) |
| HOLDINGS II, L.P.; FIRSTKEY | ) | |
| HOMES, LLC; FIRSTKEY HOMES | ) | |
| OF NORTH CAROLINA, LLC; | ) | |
| MICHELLE HARNE; SCOTT | ) | |
| SANDMAN; AND CHRIS | ) | |
| WOODHOUSE, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f)(1)-(3), as modified by Local Civil Rule 16.1(b), the parties report their meeting of counsel as follows:

**1.     The following persons participated in a Rule 26(f) conference, conferring by telephone, on April 30, 2024:**

Peter H. Gilbert, representing Plaintiff

Kelly Anne Clarke, representing Plaintiff

John M. Moye, representing Defendants

Michael P. Palmer, representing Defendants

**2.     Initial Disclosures.** The parties will complete by <u>June 12, 2024</u>, the initial disclosures required by Rule 26(a)(1).

**3.     Discovery Plan.** The parties propose this discovery plan without waiving any objection that may be interposed consistent with Fed. R. Civ. P. 26(g):

**(a)     Pending Dispositive Motion.** The commencement date of discovery will be <u>June 12, 2024</u>.

**(b)     Discovery will be needed, but is not limited to, these subjects:**

[1]     Plaintiff's claims, including her claim for damages;

[2]     Defendants' defenses and refutation of plaintiff's claims;

[3]     The relationship among defendants;

[4]     The relationship of defendants to the subject rental dwelling;

[5]     The interactions between plaintiff and defendants;

[6]     The interactions among defendants regarding plaintiff and the subject rental premises;

[7]     Defendants' rental practices; and,

[8]    Defendants' insurance coverage and financial condition.

**(c)    Date for completing discovery.**

[1]    Discovery will be completed by <u>Thursday, December 12, 2024</u>, six months after the commencement of discovery subject to a subsequent agreement by the parties for a larger period if approved by the Court.

[2]    Discovery should not be phased.

**(d)    Case Management Track.** Pursuant to LR 26.1, the parties agree that the appropriate plan for this case (with stipulated modifications by the parties as set out below in ¶3(f)[1] and (g)[1]) is that designated in LR 26.1(a) as <u>Complex</u>.

**(e)    Maximum number of interrogatories by each party to another party, along with the dates the answers are due.**

[1]    The maximum number of interrogatories (including subparts) by each party is 25 unless otherwise stipulated by the parties or ordered by the Court after a showing of good cause.

[2]    Interrogatory answers will be due in accordance with Fed. R. Civ. P. 33(b).

**(f)    Maximum number of requests for admission, along with the dates responses are due.**

[1]     Each party may serve on any other party no more than 25 requests for admission unless otherwise stipulated by the parties or ordered by the Court after a showing of good cause. Requests relating to the authenticity or admissibility of documents are not subject to this limitation of 25.

[2]     Answers to request for admissions will be governed by Fed. R. Civ. P. 36(a)(3)-(5).

**(g)     Maximum number of depositions by each party.**

[1]     Each party may conduct eight depositions, excluding depositions of experts, custodians of records, or persons beyond the reach of a trial subpoena, unless otherwise mutually agreed upon by the parties or ordered by the Court.

[2]     The parties agree that depositions may begin starting August 1, 2024, allowing the parties time to obtain responses to initial written discovery with the parties agreeing to work to determine mutually acceptable dates for these depositions. Following mediation on June 7, 2024 and prior to August 1, 2024, the parties will notify each other of available dates for the depositions to take place in this case.

**(h)     Limits on the length of depositions, in hours.**

[1]     The durational limitation on depositions will be governed by Fed. R. Civ. P. 30(d)(1).

**(i)     Dates for exchanging reports of expert witnesses.**

[1]     The report of any expert who will be used by a party in that party's case in chief will be served by October 11, 2024.

[2]     Rebuttal expert reports will be served by November 12, 2024.

**(j)     Dates for supplementations under Rule 26(e).**

[1]     Each party will supplement its disclosures and discovery responses 90 days before the discovery cutoff date and 30 days before the discovery cutoff date.

[2]     Notwithstanding the supplementation milestones set under ¶3(j)[1], each party will supplement its disclosures and discovery responses in a timely manner to avoid prejudice to other parties.

**(k)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

[1]     Paper records will be produced as kept in the ordinary course of business unless production in that form creates an undue hardship on the producing party.  If paper records are kept

in a file folder, then a copy of the file folder will be produced. If

paper records are not kept in file folders, then separate sheets will

be inserted between documents to delimit where individual

documents start. Originals of records produce will be made

available for inspection upon reasonable request.     [2]

     Except for electronically stored information (ESI),

documents will be produced in pdf format. Each page will be

bates stamped.    Each bates stamp will consist of a source-

identify prefix and sequential numbering for records produced

with that prefix.

[3]    To the extent accessible, ESI will be produced in its native

format. If any ESI is determined to be inaccessible by the

requesting party, then the producing party agrees to supply an

accessible copy.

**(l)    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Fed. R. Evid. 502.**

[1]     Materials withheld under a claim of privilege or work product protection will be logged pursuant to Fed. R. Civ. P. 26(b)(5).

[2]     Communications by attorneys regarding this action need not be logged, including communication between the parties in this action and their counsel.

[3]     The inadvertent disclosure of privileged or work product protected material will be governed by Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(b).

[4]     The parties agree by way of this Joint Scheduling Report to circulate a proposed Stipulation of Confidentiality/Motion of Protective Order.

**4.     Proposed litigation schedule.**

| *No.* | *Activity* | *Deadline* |
|---|---|---|
| 01 | Exchange initial disclosures | June 12, 2024 |
| 02 | Commencement of discovery | June 12, 2024 |
| 03 | Last date to request leave to amend the pleadings or to join additional parties | August 12, 2024 |
| 04 | Serve case-in-chief expert disclosure | October 11 2024 |
| 05 | Serve rebuttal expert disclosure | November 12, 2024 |

| 06 | Close of discovery | December 12, 2024 |
|----|----|----|
| 07 | Last day to provide notice of intent to file motion for summary judgment | December 31, 2024 |
| 08 | Last day to file dispositive motions | January 31, 2025 |
| 09 | Rule 26(a)(3) pretrial disclosure (including but not limited to, witness list, exhibit list, and designation of witnesses whose testimony will be presented by deposition). | June 27, 2025 |
| 10 | Rule 26(a)(3)(B) objections | July 18, 2025 |
| 11 | Lodge proposed pretrial order | July 25, 2025 |
| 12 | Last day to file pretrial brief | August 1, 2025 |
| 13 | Final pretrial conference | August 8, 2025 |
| 14 | Suggested date of trial by jury and estimate length of time | August 18, 2025 <br><br> Four trial days, excluding jury selection |

**5.    Alternative Dispute Resolution.**

[a]    <u>State the prospects for settlement</u>. The parties have begun preliminary settlement discussions. Plaintiff has made a proposed settlement demand and submitted a draft proposed consent order to counsel for Defendants. While the parties continue to pursue an informal settlement process, the parties believe that prospect of settlement may be enhanced by use of the following ADR procedure: Mediated Settlement Conference. The parties believe this even though the Court has not yet selected this case for mediation.

[b] The parties agree that the above ADR procedure would be most productive prior to the discovery process, in early June <u>2024</u>.

[c] The parties agree that the mediator shall be <u>Ken Carlson</u>.

**6. Other matters.**

[a] After the August 12, 2024 date (deadline to seek leave to amend and/or join parties), the Court will consider if the granting of leave would delay trial;

[b] The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master. The parties <u>do not</u> consent to the trial jurisdiction of a Magistrate Judge or an appointment of a master;

[c] The parties discussed whether the case will involve the possibility of confidential or sealed documents. The case <u>will involve</u> confidential or sealed documents and the parties have filed a LR 5.5 Report;

[d] The basis of federal subject matter jurisdiction is federal question.

[e] The parties agree that service will be accomplished by electronic transmission pursuant to Fed. R. Civ. P. 5(b)(2)(E);

[f]     To facilitate responses, the parties agree to provide on request copies of discovery requests and Local Civil Rule 56.1(a) statements in Word or WordPerfect format.

[g]     In response to a notice of deposition under Fed. R. Civ. P. 30(b)(6), the responding party will make best efforts to disclose at least seven days before the deposition the name and topic of each person designated to provide testimony.

[h]     The parties agree that exhibits used in any deposition will be marked sequentially from those exhibits entered in the immediate and prior deposition (regardless of which party introduced the exhibit in the prior deposition).

[i]     The parties do not request an initial pretrial conference with the Court prior to the entry of the Scheduling Order.

Dated: May 10, 2024.

CONSENTED TO:

***COUNSEL FOR PLAINTIFFS:***

| | |
|---|---|
| LEGAL AID OF NORTH CAROLINA, INC.–FAIR HOUSING PROJECT | LEGAL AID OF NORTH CAROLINA, INC.–FAIR HOUSING PROJECT |
| */s/ Peter H. Gilbert* | */s/ Kelly Anne Clarke* |
| Peter H. Gilbert | Kelly Anne Clarke |

2101 Angier Avenue, Ste 300          2101 Angier Avenue, Ste 300
Durham, N.C. 27703                    Durham, N.C. 27703
Telephone: (919) 226-5919            Telephone: (919) 865-3825
Fax: (919) 861-1887                   Fax: (919) 861-1887
peterg@legalaidnc.org                 kellyc@legalaidnc.org
N.C. State Bar No. 40415             N.C. State Bar No. 28188

LEGAL AID OF NORTH
CAROLINA, INC. – FAIR HOUSING
PROJECT
*/s/ Michael Manset*
Michael Manset
2101 Angier Avenue, Ste 300
Durham, N.C. 27703
Telephone: (919) 277-9021
Fax: (919) 861-1887
michaelm2@legalaidnc.org
N.C. State Bar No.: 55167

***COUNSEL FOR DEFENDANTS:***

BARNES & THORNBURG LLP              BARNES & THORNBURG LLP
*/s/ John M. Moye*                    */s/ Michael P. Palmer*
John M. Moye                          Michael P. Palmer
3340 Peachtree Road, N.E., Ste 2900   201 South Main Street, Ste 400
Atlanta, Georgia 30326-1092          South Bend, Indiana 46601
Telephone: (404) 846-1693            Telephone: (574) 237-1135
Fax: (404) 264-4033                   Fax: (574) 237-1125
JMoye@btlaw.com                       Michael.Palmer@btlaw.com
                                      (By Special Appearance)

## CERTFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing

Joint Status Report of the Parties' Planning Meeting with the Clerk of Court using

the CM/ECF system which will send notification of such filing to the following

counsel of record:


*Counsel for Plaintiff:*

Peter H. Gilbert                    Michael Manset
peterg@legalaidnc.org              michaelm2@legalaidnc.org

*Counsel for Defendants:*

John M. Moye                       Michael P. Palmer
JMoye@btlaw.com                    Michael.Palmer@btlaw.com


Dated: May 10, 2024

> */s/ Kelly Anne Clarke*
> Kelly Anne Clarke
> *Counsel for Plaintiff*