# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CAROLYNN WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV1114 |
| | ) | |
| FKH SFR C1, L.P., f/k/a CERBERUS SFR | ) | |
| HOLDINGS II, L.P.; FIRSTKEY | ) | |
| HOMES, LLC; FIRSTKEY HOMES | ) | |
| OF NORTH CAROLINA, LLC; | ) | |
| MICHELLE HARNE; SCOTT | ) | |
| SANDMAN; and CHRIS WOODHOUSE, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order. Accordingly, it is **ORDERED:**

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Documents Which May Be Designated CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER.** The parties may make certain requests for highly sensitive information from each other, including, but not limited to, employment information, personnel file or records; other tenant information, files, or records; corporate Defendants' policies; and medical, mental health, or other healthcare information, documents, and records. Counsel for the respective parties may seek also to introduce this information throughout various stages of litigation involving this lawsuit. In recognition of these two likely events, the parties agree to protect the confidentiality of any said information being provided by agreeing to the following terms and later, to the entry of a Protective Order containing the same terms:

    (a) All documents and all information derived therefrom which relate to any of the parties' employment or personnel files, documents and records are hereby designated as "CONFIDENTIAL INFORMATION;"

    (b) All documents and all information derived therefrom which related to information, file, documents and records of Defendants' other tenants are hereby designated as "CONFIDENTIAL INFORMATION;"

    (c) All documents and all information derived therefrom which relate to the corporate Defendants' policies are hereby designated as "CONFIDENTIAL INFORMATION;" and

    (d) All documents and all information derived therefrom which relate to any of the parties medical, mental health or other healthcare information, documents and records are hereby designated as "CONFIDENTIAL INFORMATION."

3.  **Protection of CONFIDENTIAL INFORMATION**:

(a) shall be used solely for the purpose of proceedings, hearings, depositions, motions and trials in this case and not for any other purpose, including discussions, casual or otherwise, with persons not covered by this Order; and

(b) may be disclosed only to:

(i) The Court;

(ii) Counsel for the parties to this action, their legal assistants and other staff members and employees;

(iii) Counsel may discuss the contents of an opposing or adverse party's employment or medical, mental health, or other healthcare records with her or his client for settlement, evaluation, and strategy purposes. Beyond this discussion, counsel shall not otherwise transfer or share any records, copies or data contained in any employment or medical and mental health records to or with his or her client. Any persons identified in this section with whom counsel for the Defendants discusses the records shall be similarly bound by the terms in this Order and shall sign Exhibit A;

(iv) Counsel may discuss the contents of any other information designated as CONFIDENTIAL and share copies of it with her/his/their client.

(v) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

(vi) Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

(vii) Outside companies engaged by counsel for the parties to photocopy or otherwise copy such documents.

4. **Disclosure of CONFIDENTIAL INFORMATION** pursuant to this Order shall be handled as follows:

(a) Any person described in subparagraphs 3(b)(i), (ii), (vi), and (vii) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

(b). Prior to making disclosures to any person set forth in subparagraphs 3(b)(iii), (iv) and (v) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution, defense or settlement of this action only, and that said person shall be bound by the terms of this Order, and shall sign and notarize a copy of Exhibit A, attached hereto.

5. If CONFIDENTIAL INFORMATION is used at a deposition, the producing party shall clearly designate on the record that that portion of the deposition is confidential. After such a designation is made on the record, the specifically designated portion of the deposition transcript and video (if applicable) shall be treated as a confidential document pursuant to the terms of this Order.

6. For any deposition in which any CONFIDENTIAL INFORMATION or any information therein is disclosed, the court reporter shall prominently mark the cover page of the

deposition as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Videotapes of any such deposition shall also be prominently marked by the videographer as "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER." Within thirty (30 days) after receipt of the transcript of any such deposition, the party who produced the CONFIDENTIAL INFORMATION may designate any pages or the transcript as CONFIDENTIAL INFORMATION by providing written notice of the pages and lines subject to such designation to counsel for all parties, the court reporter (or other office before the whom the deposition was taken) and any videographer present at the deposition. Any person in possession, custody or control of such a deposition, transcript or videotape shall attach a copy of the written notification by the party which produced the CONFIDENTIAL INFORMATION to the face of any such transcript and videotape.

7. **Filing of CONFIDENTIAL INFORMATION.** No CONFIDENTIAL INFORMATION shall be filed in the public record of this matter. If any such CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents filed with the Court, or are quoted or referenced in any memorandum, pleading or other paper filed with the Court, the deposition transcript, filing or paper shall be submitted to the Court in accordance with LR 5.4, LR 5.5, and Chief U.S. District Court Judge Catherine C. Eagles' *Standard Preliminary Order For All Civil Cases ("Judge Eagles' Order")*, Paragraph 7, and with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Protective Order. This paragraph is governed by the aforementioned Local Rules and Judge Eagles' Order and any conflict between this paragraph and these Local Rules and Judge Eagles' Order will supersede this paragraph.

(a) As a reminder, the Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(b) Before any document marked as CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL INFORMATION-SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(c) Where agreement is not possible or adequate, before a CONFIDENTIAL INFORMATION -SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.

8. Notwithstanding paragraph 7 above, in the event any party disputes the relevancy or proportionality of any requested CONFIDENTAL INFORMATION and/or seeks in camera review by the Court before disclosure, such information is to be filed under seal in accordance

with LR 5.4, LR 5.5, and Chief U.S. District Court Judge Catherine C. Eagles' *Standard Preliminary Order For All Civil Cases*, Paragraph 7.

9. This Order shall not apply to the disclosure of CONFIDENTIAL INFORMATION at the time of trial, through the receipt of CONFIDENTIAL INFORMATION into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of trial involve considerations not presently covered in this Order. These issues may be taken up as a separate matter upon the Motion of any of the parties.

10. Except as otherwise described herein, the production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

11. No information may be withheld from discovery on the grounds that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming the need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

12. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

13. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In

addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

14. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15. This Protective Order shall be without prejudice to the right of any party to seek modification of any provision of this order, on a modification of its applicability with respect to any specific information subject hereto.

16. Within thirty (30) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), all parties, persons and entities described herein shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

17. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

IT IS SO ORDERED, this the <u>13th</u> day of May 2024.

_/s/ Joe L. Webster_
United States Magistrate Judge

# EXHIBIT A

The Undersigned acknowledges that she/he/they has read the Protective Order entered by the parties dated _____, 2024, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Middle District of North Carolina with regard to this Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)

_____
(Signature)